**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAY MCLAUGHLIN
d/b/a MCLAUGHLIN LOGGING,

    Plaintiff,

vs.                                         Case No. 3:21-cv-26-J-34JBT

ALFIE'S HEAVY TOWING & TRANSPORT, LLC.,
RICKY RAY, and MARKEL AMERICAN
INSURANCE COMPANY,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On January 8, 2021, Defendant Markel American Insurance Company (MAIC) filed a notice of removal, seeking to remove this case from the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. See generally Defendant Markel American Insurance Company's Notice of Removal (Doc. 1; Notice). In the Notice, MAIC asserts that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 "[b]ecause the parties are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. . . ." See id. ¶ 21. However, upon review of the Notice and the attached Complaint (see Doc. 1-1 at 4–9; Underlying Complaint), the Court is unable to determine whether it has diversity jurisdiction over this action because MAIC inadequately pleads the citizenship of the parties.[1] See Taylor v. Appleton, 30 F.3d, 1365, 1367 (11th Cir. 1994).

For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. In the Notice, MAIC alleges that "Plaintiff was and still is a Maine resident," see id. ¶ 11, and for support cites to the Underlying Complaint, in which Plaintiff Jay McLaughlin alleges that "at all times material hereto, Plaintiff was and still is a resident of the State of Maine," see Underlying

---

[1] The failure to adequately allege diversity jurisdiction in this case is certainly not unique. See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar."). But, as aptly stated in Wilkins, the all-to-common "failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Id. Indeed,

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

Id. at *1 n.4. As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction. See id. at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

Complaint ¶ 4. Similarly, MAIC alleges in the Notice that "Co-Defendant, Ricky Ray, was and is. . .a resident of Florida." See Notice ¶ 14. However, to establish diversity jurisdiction in a case involving a natural person, a party must include allegations of the person's citizenship, not where he or she resides. Taylor, 30 F.3d at 1367. A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment. . .to which he has the intention of returning whenever he is absent therefrom." McCormick, 293 F.3d at 1257-58 (quotation and citation omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish citizenship for a natural person." Taylor, 30 F.3d at 1367; Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

Further, MAIC fails in the Notice to properly allege the citizenship of Defendant Alfie's Heavy Towing & Transport, LLC (Alfie's). See Notice ¶ 13. In this regard, MAIC alleges that "Co-Defendant Alfie's Heavy Towing & Transport, LLC[ ] was and is . . . a Florida limited liability company with its principal place of business at 6408 Causeway Blvd., Tampa, Florida 33619." Id. However, the Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, MAIC's allegation of Alfie's principal place of business fails to apprise the Court of Alfie's citizenship. See Notice ¶ 13. Likewise, MAIC's failure to affirmatively list the citizenship of all of Alfie's members prevents the Court from determining whether it truly has subject matter jurisdiction over this action. Rolling Greens MHP, L.P., 374 F.3d at 1022 ("To sufficiently allege the citizenships of these unincorporated business entities,

a party must list the citizenship of all the members of the limited liability company."). Therefore, the Notice fails to present allegations sufficient to establish that the parties are diverse from each other.

In addition to the jurisdictional deficiencies presented in the Notice, it appears that MAIC has failed to comply with the procedural requirements for removal as well. Pursuant to 28 U.S.C. § 1441(b)(2), which governs the removal of a state action to federal court by a defendant, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Thus, a defendant may only remove a case to federal court based upon diversity jurisdiction if no properly named defendant is "a citizen of the state in which such action is brought." Caterpillar v. Lewis, 519 U.S. 61, 68-69 (1996) (quoting 28 U.S.C. § 1441(b)); see also Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) (finding that "diversity will not support removal jurisdiction . . . if any of the properly joined defendants are citizens of the state in which the suit was originally filed.") (citation omitted). In this case, although citizenship of certain Defendants is insufficiently alleged for the reasons stated above, MAIC's allegations suggest that at least one Defendant is likely a citizen of the state of Florida. See Notice ¶ 14. If one or more Defendants are citizens of Florida—the state in which this action was filed—then the removal of this action would be barred by § 1441(b), and remand may be warranted. See Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005)) (citing 28 U.S.C. § 1441(b)). Nonetheless, because it appears that failure to comply with § 1441(b)(2) is a procedural

and not a jurisdictional defect, the Court will not sua sponte remand the case based on this error.[2]  See Yusefzadeh, 365 F.3d at 1245 (11th Cir. 2004) (per curiam) ("[T]he district court may not sua sponte decide to remand the case for any procedural defect other than lack of subject matter jurisdiction.").

Without additional information regarding the citizenship of the parties to this action, the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.[3]  Accordingly, it is

---

[2]  As noted above, a district court may not sua sponte remand a case based upon a procedural defect. See Yusefzadeh v Nelson, Mullins, Riley, & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (per curiam).  Accordingly, while the Court may remand sua sponte for lack of subject matter jurisdiction, the Court "must wait for a party's motion before remanding a case based on [a] procedural defect" in the removal process.  Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1320-21 (11th Cir. 2001).  However, a plaintiff may waive such procedural defects by failing to move to remand within thirty days of the removal.  See id.; see also 28 U.S.C. § 1447(c).  Neither the Supreme Court nor the Eleventh Circuit Court of Appeals has directly addressed the question of whether removal of a diversity action by a defendant who is a citizen of the forum state is a waivable procedural defect or a jurisdictional defect.  See Lincoln Prop. Co., 546 U.S. at 90 n.6 ("Although we have not addressed the issue, several lower courts have held that the presence of a diverse but in-state defendant in a removed action is a 'procedural' defect, not a 'jurisdictional' bar, and that the defect is waived if not timely raised by the plaintiff.") (citing 14C C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3739, pp. 451-57 & nn. 32-37 (3d ed. 1998)); see also Snapper Inc. v. Redan, 171 F. 3d 1249, 1257-58 (11th Cir. 1999) (recognizing circuit split as to whether removal by forum-state defendant is procedural or jurisdictional defect and suggesting in dicta that the better interpretation is that the defect is procedural); Bregman v. Alderman, 955 F.2d 660, 663 (11th Cir. 1992) (per curiam) (commenting in dicta that removal by defendant who was citizen of forum state was a procedural, rather than jurisdictional, defect); Murphy v. Aventis Pasteur, Inc., 270 F. Supp. 2d 1368, 1374 & n.8, 1375 (N.D. Ga. 2003) (recognizing that "[t]he question of whether the forum defendant rule is jurisdictional is an unsettled one" and adopting the "majority view" that "the forum defendant rule of § 1441(b)" is a waivable procedural defect); but see Elias v. Am. Nat'l Red Cross, 271 F. Supp. 2d 1370, 1373 (N.D. Ala. 2003) (acknowledging divergent authority and concluding that the forum defendant rule was "intended as an actual subtraction from the subject-matter jurisdiction that would otherwise be afforded by 28 U.S.C. § 1332, and did not simply create a potential, waivable procedural defect").

[3]  Notably, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017.  See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the

**ORDERED**:

Defendant Markel American Insurance Company shall have until **January 28, 2021**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on January 14, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc27
Copies to:
Counsel of Record
Pro Se Parties

---

burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").